UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re: :
:
   Tira Moore : Chapter 13
:
        Debtor : No. 22-13409-amc

\* \* \* \* \* \* \*

### OBJECTION OF CHAPTER 13 TRUSTEE TO
### SUPPLEMENTAL FEE APPLICATION OF COUNSEL FOR DEBTOR

      Scott F. Waterman, Esq., Standing Chapter 13 Trustee, by and through his counsel files this Objection to the Supplemental Application of Compensation of Michelle Lee, Esquire and Dilworth Paxson, LLP, and in support thereof represents as follows:

      1.      Debtor's counsel is seeking a supplemental fee award of $2,300.00 to settle an auto lender's motion for relief which required the Debtor to pay the arrears through the plan.

      2.      Debtor's confirmed plan required Debtor to pay post-petition car loan payments directly to Wells Fargo Dealer Services.  See Debtor's Second Amended Plan filed July 18, 2023 [Doc. 29], Section 4(b).

      3.      Apparently, Debtor fell behind in her car payments and Wells Fargo Dealer Services filed a Motion for Relief which was settled prior to a hearing.

      4.      The parties agreed that the Debtor could cure her post-petition arrears by including it into her plan – thereby allowing the Debtor to cure the arrears over the reminder of her plan – which is approximately 44 months.

      5.      The aforesaid settlement is common in our District.

      6.      Counsel for Wells Fargo Dealer Services drafted the standard stipulation requiring Debtor to modify her plan to reflect the terms of the settlement.

7. On March 8, 2024 Debtor's counsel filed a one page Motion to Modify Plan which was sparse in facts. For example, it failed to specify that the total base amount of Plan payments would increase from $20,535.00 to $25,080.00.

8. It also failed to specify that the increase was caused not only by the inclusion of post petition car payments to Wells Fargo Dealer Services, but also by counsel's additional fee.

9. The Motion to Modify also failed to explain how Debtor's financial circumstances had changed to allow the Debtor to afford the increased plan payments. To that, the Motion to Modify failed to even state that the Modified Plan was feasible.

10. The Motion to Modify merely stated that the Debtor would file Amended Schedules I and J.

11. Debtor did file an Amended Schedule I – with no changes. Compare original Schedule I [Doc 12] to Amended Schedule I [Doc 54].

12. Debtor filed an Amended Schedule J decreasing home maintenance from $150.00 to just $25.00 a month and eliminating her $100.00 a month for charity.

13. It appears that for the routine work that was provided, a fee of $2,300.00 is unreasonable and excessive.

14. Under §330 of the Bankruptcy Code, this Bankruptcy Court has the power to award a professional person "reasonable compensation for actual, necessary services rendered" and provide "reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1).

15. This Court need not award all the compensation that is requested in a professional's fee application. 11 U.S.C. §330(a)(2).

16. Accordingly, the fee applicant has the burden of proving their services are compensable. *Woods v. City Nat. Bank & Trust Co. of Chicago*, 312 U.S. 262, 268, 61 S.Ct. 493,

85 L.Ed. 820 (1941) (Decided under Chapter X of the Chandler Act); *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 261 (3d Cir. 1995) (citing *In re Metro Transp. Co.*, 107 B.R. 50, 53 (E.D. Pa. 1989)); *In re Murray*, 2007 WL 2317523, at *2 (Bankr. E.D. Pa. Aug. 6, 2007).

17. In determining an award of "reasonable compensation" this Court must "consider the nature, the extent, and the value of such services, taking into account all relevant factors, including-"

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. 11 U.S.C. §330(a)(3)

The Third Circuit further instructs courts to utilize the "lodestar" method before awarding reasonable fees. *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833 at 849, 856 (3rd Cir, 1994).

18. The lodestar method requires courts to multiply a reasonable hourly rate of an attorney's compensable services by the number of hours spent on such services. *Id.* at 849 n.21; *In re Smith*, 331 B.R. 622, 628 (Bankr. M.D. Pa. 2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

3

19. Under the lodestar method, not all services are billable and administrative tasks should be billed at an appropriate rate. *Busy Beaver*, 19 F.3d at 855; *In re Strauss*, 2023 Bankr. LEXIS 841, at *14 (Bankr. M.D. Pa. Mar. 31, 2023) (citing *In re Szymczak*, 246 B.R. 774, 782 (Bankr. D. N.J. 2000)).

20. In its review of counsel fees, the Third Circuit further instructs Bankruptcy Courts need not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation." *Busy Beaver* at 845(3rd Cir. 1994)(quoting *Lindy Bros. Builders, Inc. v. Am. Radiator & Std. Sanitary Corp.*, 540 F.2d 102, 116 (3d Cir. 1976)).

21. The role of this Court is not to calculate a professional's compensation to an unblemished exactitude. Rather, this Court's primary responsibility is to review, prevent, and correct "*reasonably discernable* abuses" in a professional's fee application. *Id.* (emphasis added).

22. Charging $2,300.00 for settling an auto loan motion for relief where no hearing was held and where the creditor drafted the stipulation and for filing a routine motion to modify plan is over twice the going rate similar attorneys charge for similar services in the Eastern District of Pennsylvania.

23. Debtor's counsel's fee should be reduced from the requested $2,300.00 to $900.00.

**WHEREFORE**, Scott F. Waterman, Esq., Standing Chapter 13 Trustee, respectfully requests that counsel's Supplemental Fee Application be granted in part and denied in part – allowing a fee of $900.00.

                                        Respectfully submitted:

Date: March 14, 2024                            */s/Ann E. Swartz*
                                                 Ann E. Swartz, Esquire for
                                                 Scott F. Waterman
                                                 Standing Chapter 13 Trustee
                                                 2901 St. Lawrence Avenue, Suite 100
                                                 Reading, PA  19606
                                                 Telephone:  (610) 779-1313